**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

FRACTAL ANALYTICS, INC.,

    Plaintiff,

v.

FRACTALANALYTICA.COM,

    Defendant.

Civil Action No. _____

## VERIFIED COMPLAINT

Plaintiff Fractal Analytics, Inc. ("Fractal"), by counsel, alleges as follows for its *in rem* Complaint against Defendant FractalAnalytica.com ("Defendant Domain Name").

## NATURE OF THE SUIT

1.      This is an *in rem* action for cybersquatting under the Federal Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(1)(d), and trademark infringement under the Lanham Act, 15 U.S.C. § 1114(1)(a).

## PARTIES

2.      Fractal is a corporation organized and existing under the laws of New York with a principal business address of One World Trade Center, Suite 76J, New York, New York 10007. Fractal was founded in 2000, and is an analytic company providing information and consultancy services to organizations for data-driven decision-making.

3.      Defendant Domain Name is an internet domain name which, according to records in the WHOIS database of domain name registrations, is registered by the registrar Hostinger International Ltd. ("Hostinger") to an unknown and unidentified registrant.  On information and belief, the registrant is intentionally concealing his/her/its identity through the registrar and/or use

of a privacy service. A copy of the domain name registration record for Defendant Domain Name is attached as **Exhibit A**.

## JURISDICTION AND VENUE

4.      This is a civil action for federal cybersquatting in violation of the ACPA, 15 U.S.C. § 1125(1)(d), and for trademark infringement under the Lanham Act, 15 U.S.C. § 1114(1)(a).

5.      This Court has original jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has *in rem* jurisdiction over the Defendant Domain Name pursuant to 15 U.S.C. § 1125(d)(2)(A) ("The owner of a mark may file an in rem civil action against a domain name . . . if—(i) the domain name violates any right of the owner of a mark registered in the Patent and Trademark Office . . . ."). *In rem* jurisdiction is appropriate under 15 U.S.C. § 1125(d)(2)(A)(ii) because the registrant of the Defendant Domain Name are being concealed by the registrars and/or privacy services, and therefore Fractal cannot obtain *in personam* jurisdiction over a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A), and/or Fractal, despite its due diligence, has been unable to find a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

7.      Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa), Fractal will give notice of the violations of Fractal's rights, and Fractal's intent to proceed *in rem*, to the postal and e-mail addresses set forth in the registration record for the Defendant Domain Name.

8.      Venue is proper in this District pursuant to 15 U.S.C. § 1125(d)(2)(C) in that the .COM domain name registry operator, VeriSign, Inc., is situated in this judicial District, and the Defendant Domain Name is a .COM domain name.

## **FRACTAL'S RIGHTS**

9.     Fractal was founded in 2000 to provide software and strategic analytic services to companies around the world, offering, *inter alia*, data transformation and delivery services, predictive analytics solutions, valuation management, artificial-intelligence-driven data analytics software and services, and various other business-oriented software solutions.

10.     Since its founding, Fractal has used numerous FRACTAL formative marks around the world, including in the United States, in association with a wide range of software development, data analytics, and related services. These marks include FRACTAL, FRACTAL ANALYTICS, FRACTAL INTELLIGENCE FOR IMAGINATION, and FRACTAL.AI (collectively the "Fractal Marks").

11.     Today, Fractal is one of the most prominent providers of Artificial Intelligence to Fortune 500® companies. Fractal currently has over 4,000 employees across 16 global locations, including the United States, the United Kingdom, Ukraine, India, Singapore, and Australia.

12.     Fractal advertises its services through, *inter alia*, its website, at FractalAnalytics.com and Fractal.ai, in various digital mediums including LinkedIn, Facebook, Twitter, Glassdoor, GooglePlus, and YouTube, and through advertisements in print magazines such as the Economist.

13.     Fractal's well-regarded and well-publicized offerings have led to significant public recognition and gratuitous publicity. For instance, Fractal has been recognized as a "Great Workplace" in the top 100 (large) category by The Great Place to Work® Institute; featured as a leader in Customer Analytics Service Providers Wave™ 2021, Computer Vision Consultancies Wave™ 2020 & Specialized Insights Service Providers Wave™ 2020 by Forrester Research Inc.,

a leader in Analytics & AI Services Specialists Peak Matrix 2022 by Everest Group and recognized as an "Honorable Vendor" in 2022 Magic Quadrant™ for data & analytics by Gartner Inc.

14.    Through Fractal's continuous use and promotion of the Fractal Marks, the consuming public has come to recognize the marks as indicating Fractal as the source of the associated goods and services.

15.    Fractal has gone to great lengths to protect the source-indicating significance of the Fractal Marks, including through defensive domain registration, mark monitoring and demand letters, and civil actions—including actions in this District in which the court recognized the validity and distinctiveness of the Fractal Marks. *See Fractal Analytics, Inc. v. FractalAnalyticsInc.com*, No. 1:19-cv-1051-TSE-JFA [Dkt. No. 16] (E.D. Va. Nov. 13, 2019); *Fractal Analytics, Inc. v. FractalAnalyticsPro.com*, No. 1:18-cv-00853-CMH-MSN [Dkt. No. 22] (E.D. Va. Jan. 23, 2019); and *Fractal Analytics. Inc. v. FractalYX.com*, No. 1:24-cv-00246-LMB-WBP [Dkt. No. 16].

16.    Based on Fractal's extensive use and promotion of the Fractal Marks for several decades, the recognition and goodwill the marks have achieved in the eyes of the consuming public, and the marks' inherent distinctiveness, the Fractal Marks are entitled to broad common law trademark rights.

17.    In addition to its common law trademark rights, Fractal owns numerous trademark registrations in Fractal formative marks throughout the world, including registrations on the Principal Trademark Register of the U.S. Patent and Trademark Office. These registrations include:

- U.S. Reg. No. 4934960, FRACTAL, for "business data analysis through use of computer software" and "providing software-as-a-service (saas) for business data analysis," filed with the U.S. Patent and Trademark Office on February 3, 2015, and registered on April 12, 2016;

- U.S. Reg. No. 4934961, FRACTAL ANALYTICS, for "business data analysis through use of computer software" and "providing software-as-a-service (saas) for business data analysis," filed with the U.S. Patent and Trademark Office on February 3, 2015, and registered on April 12, 2016;

- U.S. Reg. No. 5605981, FRACTAL (and Design), for "business data analysis through use of computer software" and "providing software-as-a-service (saas) for business data analysis," filed with the U.S. Patent and Trademark Office on March 21, 2018, and registered on November 13, 2018; and

- U.S. Reg. No. 5605982, FRACTAL INTELLIGENCE FOR IMAGINATION (and Design), for "business data analysis through use of computer software" and "providingsoftware-as-a-service (saas) for business data analysis,"filed with the U.S. Patent and Trademark Office on March 21, 2018, and registered on November 13, 2018.

*See* **Exhibit B**.

18.     Fractal's federal registrations for the Fractal Marks are *prima facie* evidence of the validity of the marks, of Fractal's ownership of the marks, and of Fractal's exclusive right to use the marks in U.S. commerce.

19.     Fractal's Reg. Nos. 4934960 and 4934961 have achieved incontestable status, which renders them *conclusive* evidence of the validity of the marks, of Fractal's ownership of the marks, and of Fractal's exclusive right to use the mark in U.S. commerce.

**UNLAWFUL REGISTRATION AND USE OF THE DOMAIN NAME**

20.     Defendant Domain Name, FractalAnalytica.com, consists of Fractal's registered FRACTAL ANALYTICS Mark and is a nearly verbatim copy of Fractal's FractalAnalytics.com domain name, with the letter "a" substituted for the letter "s" at the end.

21.     Based on public WhoIs records, the Defendant Domain Name was first registered on August 6, 2025.

22.     Defendant Domain Name's website promotes services purportedly being offered under the mark FractalAnalytica. Those services are highly similar to and/or overlapping with the

5

services that Fractal offers: artificial-intelligence-driven data analytics services in commerce. Images of the website are attached hereto as **Exhibit C**.

23.     While the website at the Defendant Domain Name does not identify its location, the website is internationally accessible, including within the United States, and provides for and defaults to English, indicating that its site and services are available to and accessible in the United States.

24.     Neither Defendant Domain Name's registrant nor any other individual/entity associated with the Defendant Domain Name has authorization from Fractal to use the Fractal Marks.

25.     Upon information and belief, the registrant of the Defendant Domain Name does not have any trademark or other intellectual property rights in the Defendant Domain Name.

26.     In or around August 2025 and April 2026, Fractal sent a letter to Hostinger identifying the Fractal Marks, explaining that the Defendant Domain Name and its website infringe, and asking that the Defendant Domain Name and its website be transferred to Fractal. Hostinger declined to take action.

27.     Based upon the foregoing, the registrant and/or operator of the Defendant Domain Name has constructive and actual knowledge of the Fractal Marks, yet continues to use the highly similar designation FractalAnalytica.com in connection with, *inter alia*, data analytics services in commerce, in a manner that will cause consumer confusion.

## COUNT ONE:
### (Violation of the Federal Anti-Cybersquatting Consumer Protection Act)

28.     Fractal repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

29. The Fractal Marks are famous and/or distinctive and were famous and/or distinctive prior to the time of registration and/or re-registration of the Defendant Domain Name.

30. The aforesaid acts by the registrant of the Defendant Domain Name constitute registration, re-registration, maintenance, trafficking in, and/or use of a domain name that is confusingly similar to the Fractal Marks, with bad faith intent to profit therefrom.

31. In light of the concealment of the identity of the owner of the Defendant Domain Name, is not able to obtain *in personam* jurisdiction over the registrant of the Defendant Domain Name or any other person(s) who would have been a defendant in a civil action under 15 U.S.C. 1125(d)(1)(A).

32. Fractal, despite its due diligence, has not been unable to find a person who would have been a defendant in a civil action under 15 U.S.C. 1125(d)(1)(A).

33. The aforesaid acts by the registrant of the Defendant Domain Name constitute unlawful cyberpiracy in violation of the ACPA, 15 U.S.C. 1125(d)(1).

34. The aforesaid acts have caused, and are causing, great and irreparable harm to Fractal and the public. The harm to Fractal includes harm to the value and goodwill associated with the Fractal Marks that money cannot compensate. Unless permanently restrained and enjoined by this Court, said irreparable harm will continue. Thus, pursuant to 15 U.S.C. 1125(d)(2)(D)(i), Fractal is entitled to an order transferring the Defendant Doman Name registered to Fractal.

## COUNT TWO:
### (*In Rem* Trademark Infringement)

35. Fractal repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

36. At the time the Defendant Domain Name was registered and/or used, Fractal possessed valid federal trademark rights in the Fractal Marks.

37.     In light of the registrant's concealment of the identity of the true owner of the Defendant Domain Name, Fractal, despite its due diligence, has been unable to find a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

38.     The registration and/or use of the Defendant Domain Name is a use in commerce.

39.     The registration and/or use of the Defendant Domain Name affects Fractal's ability to use its Fractal Marks in commerce.

40.     The Defendant Domain Name and its registrant have no valid rights in the Fractal Marks.

41.     At the time the Defendant Domain Name was registered and/or used, the Defendant Domain Name and its registrant were on actual and/or constructive notice, pursuant to Section 22 of the Lanham Act, 15 U.S.C. § 1072, of the existence of Fractal's superior rights in its Fractal Marks by reason of the existence, at that time, of Fractal's aforementioned federal trademark rights.

42.     Use by the Defendant Domain Name and its registrant of the Fractal Marks is without the permission or authorization of Fractal.

43.     The aforesaid registration and/or use of the Defendant Domain Name is likely to continue to cause confusion, mistake and/or deception among consumers and the public, leading the public falsely to believe that the Defendant Domain Name and/or websites provided thereunder are those of, are sponsored or approved by, or are in some way connected with Fractal.

44.     The aforesaid registration and/or use of the Defendant Domain Name constitutes direct infringement of Fractal's trademark rights in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

8

45.     The aforesaid acts have caused, and are causing, great and irreparable harm to Fractal and the public.  The harm to the public includes confusion regarding the source and quality of products and services being acquired, and the potential for fraud stemming from impersonation and/or misdirection. The harm to Fractal includes harm to the value and goodwill associated with the Fractal Marks. Money cannot fully compensate either of these harms. Unless permanently restrained and enjoined by this Court, said irreparable harm will continue.

## PRAYER FOR RELIEF

WHEREFORE, Fractal respectfully requests of this Court:

1.     That judgment be entered in favor of Fractal on its claims of cybersquatting and trademark infringement.

2.     That the Court order the Defendant Domain Name be transferred to Fractal by registry Hostinger changing the domain registrar for the Defendant Domain Name to Fractal's domain name registrar of choice and by such registrar's change of the registrant to Fractal;

3.     That the Court order an award of costs and reasonable attorney's fees incurred by Fractal in connection with this action pursuant to 15 U.S.C. § 1117(a); and

4.     That the Court order an award to Fractal of such other and further relief as the Court may deem just and proper.


Dated: June 11, 2026

By /s/ Joshua F. P. Long
Joshua F. P. Long (VSB No. 65684)
Joshua.long@wrvblaw.com
Pietro F. Sanitate (VSB No. 89538)
Pietro.sanitate@wrvblaw.com

WOODS ROGERS VANDEVENTER BLACK PLC
P.O. Box 14125
Wells Fargo Tower, Suite 1800
10 South Jefferson Street
Roanoke, Virginia 24011
Telephone:  (540) 983-7600
Facsimile: (540) 983-7711


Neal Seth
Neal.seth@wrvblaw.com
WOODS ROGERS VANDEVENTER BLACK PLC
1765  Greensboro Station Place, Suite 900
Tysons, Virginia 22102
Telephone: (703) 718-5499
Facsimile: (540) 983-7711
*Pro hac vice forthcoming*


*Counsel for Plaintiff Fractal Analytics, Inc.*

## VERIFICATION

I, **Somya Agarwal**, of Fractal Analytics, Inc., declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the facts contained in the foregoing Verified Complaint are true and correct.

 

_____

Name: **Somya Agarwal**

 

\_11th June 2026_____

Date

11

4901-8040-5330, v. 1